UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
JUDITH CARABALLO,

                         Plaintiff,                     **MEMORANDUM & ORDER**
                                                                                         19-CV-1160 (MKB)
              v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Judith Caraballo filed a motion seeking payment of attorneys' fees in the amount of $7,429.90 pursuant to 42 U.S.C. § 406(b).[1] The Commissioner of Social Security (the "Commissioner") has no objection to the reasonableness of the requested fee, and notes that Plaintiff's counsel, Olinsky Law Group ("Counsel"), will need to return the $6,420.51 in Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, fees it received to Plaintiff. (Comm'r's Resp. to Pl.'s Mot. ("Comm'r's Resp.") 2–3, Docket Entry No. 28; Pl.'s Aff. 1.)

       For the reasons explained below, the Court grants Plaintiff's motion for attorneys' fees in the amount of $7,429.90 and orders Counsel to return the EAJA fees within fourteen days of the entry of this Memorandum and Order.

     **I.**     **Background**

       On January 29, 2019, Plaintiff retained Counsel to represent her in federal court for review of the Commissioner's denial of her disability insurance benefits (the "Attorney Fee Agreement"). (*See* Att'y Fee Agreement 2, annexed to Pl.'s Aff. as Ex. A, Docket Entry No. 27-

---

       [1] (Pl.'s Mot. for Att'ys' Fees Pursuant to Soc. Sec. Act ("Pl.'s Mot."), Docket Entry No. 27; Pl.'s Affirmation in Supp. of Pl.'s Mot. ("Pl.'s Aff.") ¶ 6, Docket Entry No. 27-1.)

2; Pl.'s Aff. ¶ 3.) Pursuant to the Fee Agreement, Plaintiff agreed that Counsel would be entitled to "a fee up to 25% of the past due benefits." (Att'y Fee Agreement 2.)

On February 27, 2019, Plaintiff commenced the above-captioned action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision denying her claim for disability insurance benefits. (Compl. ¶¶ 1–2, Docket Entry No. 1.) Plaintiff subsequently moved for judgment on the pleadings, and the Commissioner cross-moved for judgment on the pleadings. (Pl.'s Mot. for J. on the Pleadings, Docket Entry No. 17; Comm'r's Mot. for J. on the Pleadings, Docket Entry No. 12.) By Memorandum and Order dated November 30, 2020, the Court granted Plaintiff's motion, denied the Commissioner's cross-motion, vacated the Commissioner's decision, and remanded the action for further administrative proceedings pursuant to 42 U.S.C. § 405(g). *Caraballo v. Comm'r of Soc. Sec.*, No. 19-CV-1160, 2020 WL 9816013, at *13 (E.D.N.Y. Nov. 30, 2020). By stipulation dated March 1, 2021, and approved by the Court on March 3, 2021, the parties stipulated to an award of $6,420.51 in attorneys' fees pursuant to the EAJA and $400 in court costs pursuant to 28 U.S.C. § 1920.[2]

On remand, the Social Security Administration (the "SSA") approved Plaintiff's application for disability insurance benefits. (Pl.'s Aff. ¶ 7; Comm'r's Resp. 1.) On August 24, 2022, the SSA issued a letter to Counsel advising that the SSA had withheld 25% of the past-due benefits awarded to Plaintiff, $7,429.90, "in anticipation of direct payment of an authorized attorney's fee" ("Attorney Fee Letter"). (*See* Att'y Fee Ltr., annexed to Pl.'s Aff. as Ex. B, Docket Entry No. 27-3; Pl.'s Aff. ¶ 5; Comm'r's Resp. 1.) On September 7, 2022, Plaintiff moved for $7,429.90 in attorneys' fees. (Pl.'s Mot.; Pl.'s Aff. ¶ 6.) On August 22, 2025,

---

[2] (*See* Stipulation & Proposed Order Regarding Att'ys' Fees dated Mar. 1, 2021, annexed to Ltr. to Hon. Margo K. Brodie, Docket Entry No. 25-1; Stipulation & Order dated Mar. 3, 2021, Docket Entry No. 26.)

2

Plaintiff "respectfully request[ed] that the . . . motion be given a higher priority, as it has been pending for nearly three years with no activity."[3]  (Pl.'s Status Rep. 1, Docket Entry No. 29.)

## II.  Discussion

Plaintiff argues that the requested fee is reasonable because (1) the amount requested is equal to the twenty-five percent in the "valid contingency fee agreement" that she entered into with Counsel, (2) Counsel's effective hourly attorney rate of $246.01 is reasonable, and (3) the amount requested does not constitute a windfall "[g]iven the contingent nature of the representation, the contract between Plaintiff and [Counsel], and the absence of any reasons the award would be unjust."  (Pl.'s Aff. ¶¶ 3, 8, 10.)

The Commissioner "has no objection to the reasonableness of the requested fee" and in consideration of the factors set forth in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022), contends that "[t]he amount requested by Plaintiff is not greater than 25% of Plaintiff's past due benefits" and the Commissioner "is unaware of any evidence of fraud or overreaching in the making of the [Attorney Fee Agreement]."  (Comm'r's Resp. 2–3.)

The Second Circuit has held that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in a social security disability case unless the court finds it to be otherwise unreasonable.  *Fields*, 24 F.4th at 852–53 ("[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990))).  In determining whether a contingency agreement pursuant to section 406(b) is reasonable, the Second Circuit instructs

---

[3]  The Court apologizes to the parties for the oversight and any resulting inconvenience caused by the delay in deciding Plaintiff's motion.

courts to consider (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372); *Eberle v. Comm'r of Soc. Sec.*, No. 20-CV-15, 2025 WL 641231, at *2 (W.D.N.Y. Feb. 26, 2025); *Capers v. Comm'r of Soc. Sec.*, No. 18-CV-4579, 2024 WL 4528924, at *1 (E.D.N.Y. Oct. 18, 2024); *Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218, 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024). Courts also consider "the character of the representation and the results the representative achieved" and whether a reduction is appropriate where "the attorney is responsible for delay." *Fields*, 24 F.4th at 853 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)); *Kantrowitz v. Comm'r of Soc. Sec.*, No. 21-CV-642, 2025 WL 845184, at *2 (E.D.N.Y. Mar. 17, 2025); *Finnegan v. Comm'r of Soc. Sec.*, No. 21-CV-2070, 2024 WL 4494088, at *2 (E.D.N.Y. Oct. 15, 2024); *Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-CV-3472, 2024 WL 4043681, at *2 (E.D.N.Y. Sept. 3, 2024). The Second Circuit also has established factors for district courts to consider in determining whether an amount is a windfall, namely: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort [taken] to achieve that result." *Fields*, 24 F.4th at 854–55.

Counsel's request does not exceed 25% of the past-due benefits awarded to Plaintiff. *See* 42 U.S.C. § 406(b)(1)(A) (allowing a successful claimant's attorney to receive upon court approval a fee not to exceed 25% of the total past-due benefits). In addition, the timely request[4]

---

[4] The Court deems timely Plaintiff's motion for attorneys' fees. Counsel argues that it never received a Notice of Award and submitted its request within fourteen days of receiving the Attorney Fee Letter stating that the SSA had withheld $7,429.90 for legal fees. (Pl.'s Aff. ¶¶ 4–

4

is consistent with the Attorney Fee Agreement, under which Counsel is entitled to twenty-five percent of the past-due benefits withheld. (*See* Att'y Fee Agreement 1.) Counsel expended 27.6 hours for services at the district court level, (*see* Ledger Caraballo, Judith ("Att'y Ledger"), annexed to Pl.'s Aff. as Ex. D, Docket Entry No. 27-5), which amounts to a *de facto* hourly rate of $269.20.[5] The Court finds that the requested attorneys' fees are reasonable because (1) the

---

5; Att'y Fee Ltr.) The Commissioner argues that "[t]he August 24, 2022 letter is not the same as the Notice of Award letter" but that "it is up to the Court to determine whether Plaintiff's [motion] was timely filed or if more information from [Counsel] is required before making that determination." (Comm'r's Resp. 2.) "Rule 54 requires a motion for attorney's fees to be made within fourteen days of 'judgment,' defined to include 'any order from which an appeal lies.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting Fed. R. Civ. P. 54(a), (d)(2)(B)(i)). Ordinarily, the fourteen-day period begins to run when counsel receives notice of the award, and the law "presumes" that counsel receives communications within three days, *Finnegan v. Comm'r of Soc. Sec.*, No. 21-CV-2070, 2024 WL 4494088, at *2 (E.D.N.Y. Oct. 15, 2024), and "district courts are empowered to enlarge that filing period where circumstances warrant, *Martinez v. Comm'r of Soc. Sec.*, No. 20-CV-4754, 2025 WL 2300110, at *1 (E.D.N.Y. Aug. 8, 2025) (quoting *Sinkler*, 932 F.3d at 86; *Bass v. Kijakazi*, No. 16-CV-6721, 2022 WL 1567700, at *3 (S.D.N.Y. May 18, 2022) (holding that "because [the plaintiff's counsel] 'could not file a motion for attorney's fees' until" the date it "kn[e]w the amount of past-due benefits," an "extension of the filing period until fourteen days from that date [was] warranted"). The record reflects that Counsel submitted its request for attorneys' fees on September 7, 2022, which is within fourteen days of receipt of the Attorney Fee Letter dated August 24, 2022, and there is no evidence before the Court, nor does the Commissioner raise any arguments rebutting Counsel's assertion that it never received the Notice of Award from the SSA. *See Jeffrey L. v. Comm'r of Soc. Sec.*, No. 18-CV-6482, 2021 WL 3549439, at *1 (W.D.N.Y. Aug. 11, 2021) (finding timely motion for attorneys' fees submitted within fourteen days of counsel's receipt of a letter indicating that $20,243.75 of the plaintiff's past due awards had been withheld to pay attorneys' fees because the counsel never received the Notice of Award); *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 310 (W.D.N.Y. 2021) (deeming timely or alternatively tolling the deadline for the motion for attorneys' fees where it was uncontested that the SSA "failed to notify [the p]laintiff's counsel of the award" until nearly four months after issuance of the Notice of Award and the plaintiff's counsel submitted its application fourteen days after it received the notification).

[5] The Court's estimated *de facto* hourly rate of $269.20 is higher than Counsel's estimated hourly rate of $246.01, (*see* Pl.'s Aff. ¶ 8), because Counsel's rate accounted for 6.4 hours expended by paralegals at an hourly rate of $100, (*id.*; Ledger Caraballo, Judith ("Paralegal Ledger"), annexed to Pl.'s Aff. as Ex. E, Docket Entry No. 27-6). While Counsel did exclude from the billed paralegal hours some tasks that constitute non-reimbursable administrative or clerical work, some impermissible tasks, such as filing documents and serving

amount requested does not exceed the statutory 25% cap, (2) there is no evidence of fraud or overreaching in the making of the agreement, and (3) in light of the factors set forth in *Fields*, discussed below, the fees requested do not constitute a windfall.

Counsel did not address the experience of its attorneys in representing social security claimants in its submission, but Counsel's website indicates that it specializes in litigating social security disability claims.[6] A search of the attorney records in Westlaw shows that Howard Olinsky, the lead counsel on the case, has litigated hundreds of such claims. *See, e.g.*, *Brockington v. Comm'r of Soc. Sec.*, No. 21-CV-2178, 2024 WL 3639219, at *1 (S.D.N.Y. June 28, 2024) (Olinsky retained in February of 2021 with successful outcome), *report and recommendation adopted*, 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024); *Cutajar v. Comm'r of Soc. Sec.*, No. 19-CV-5569, 2021 WL 1541386, at *1 (S.D.N.Y. Apr. 20, 2021) (Olinsky retained in May of 2019 with successful outcome); *see also McDonald v. Colvin*, No. 13-CV-6903, 2017 WL 11662397, at *3 (S.D.N.Y. Dec. 28, 2017) (summarizing Olinsky's experience as practicing Social Security law since 1986 and as of December of 2017, having represented over 15,000 claimants before the SSA and over 1,500 Social Security cases in federal district courts), *report and recommendation adopted*, 2022 WL 229192 (S.D.N.Y. Jan. 25, 2022). Similarly, Andrew Flemming, has litigated more than thirty cases.[7] (Flemming, with Olinsky,

---

papers, are still included in the paralegal time estimate. *See Estrella o/b/o M.R.E. v. Berryhill*, No. 15-CV-6966, 2017 WL 6033042, at *3 (S.D.N.Y. Dec. 5, 2017) (explaining that "'[s]erving papers is considered a purely clerical task that is not compensable,' because it is 'normally subsumed into an attorney's overhead expenses'" and that "[t]he same is true for time spent downloading, printing, or filing documents" (citations omitted)). The Court therefore calculates the *de facto* hourly rate based solely on the Attorney Ledger and exclusive of paralegal hours.

[6] *See Nationwide Federal Court Social Security Appeals*, Olinsky L. Grp., https://windisability.com/court/ (last visited Sept. 6, 2025).

[7] Counsel's ledger also includes one hour billed by attorney Melissa DelGuercio, who

successfully appealed denial of disability benefits); *Conor P. v. Comm'r of Soc. Sec.*, No. 5:21-CV-397, 2022 WL 4494192, at *1 (N.D.N.Y. Sept. 28, 2022) (Flemming named as sole attorney of record for successful appeal of denial of disability benefits).

Counsel has represented Plaintiff since January of 2019, (Att'y Fee Agreement 2), and achieved a successful outcome that was by no means certain, *Fields*, 24 F.4th at 855. Before Plaintiff retained Counsel, the SSA denied her disability benefits application, an Administrative Law Judge granted her request for a hearing and determined that she was not disabled, and the Appeals Council denied her appeal. *Caraballo*, 2020 WL 9816013, at *1; *see Fields*, 24 F.4th at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their cases and receive no compensation when they do."). With Counsel's efforts, the Court vacated the denial of Plaintiff's benefits application and remanded the matter, *Caraballo*, 2020 WL 9816013, at *1, *13, and Plaintiff subsequently secured over $29,000 in past-due benefits.[8]

Moreover, Counsel's *de facto* rate of $269.20 per hour is on the lower end of hourly rates that courts have approved in other section 406(b) cases. *See, e.g.*, *Iroakazi v. Kijakazi*, No. 18-CV-8193, 2023 WL 8846565, at *4–5 (S.D.N.Y. Dec. 21, 2023) (awarding attorneys' fees at *de*

---

"reviewed the [administrative] decisions and evidence" and "determine[d] whether to take [the] case to [f]ederal [c]ourt." (*See* Att'y Ledger.) The Court located an attorney at Counsel's firm named Melissa DelGuerico who, like Flemming, has, according to Westlaw, litigated over thirty Social Security cases.

[8] The Court estimates the total past-due benefits award based on the Attorney Fee Letter. As discussed in note 4 *supra*, Counsel asserts that it never received a Notice of Award and thus does not know the total amount of past-due benefits Plaintiff received. (Pl.'s Aff. ¶ 4.) Although the Commissioner mentions the Notice of Award in its response, (*see generally* Comm'r's Resp.), it did not provide a copy. In the Attorney Fee Letter, the SSA informed Counsel that it had withheld $7,429.90 from Plaintiff's past-due benefits award and stated that this amount is equal to 25% of the total award, which the Court calculates as $29,719.60.

7

*facto* hourly rate of $262.04); *Laura R. v. Comm'r of Soc. Sec.*, No. 20-CV-7051, 2023 WL 8183027, at *3 (W.D.N.Y. Nov. 27, 2023) ("The effective hourly rate ranging between $311.00 and $363.55 falls well within (or below) the range of rates approved by courts under [section] 406(b)."); *Daniels v. Comm'r of Soc. Sec.*, No. 20-CV-430, 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (noting that the requested hourly rate of $337.85 was a "relatively low *de facto* hourly rate"); *see also Valdete B. v. Kijakazi*, No. 21-CV-1395, 2023 WL 8270449, at *3 (D. Conn. Nov. 30, 2023) (noting that the requested hourly rate of $509.54 was "significantly lower than other section 406(b) fee awards that have been approved in this Circuit").

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees in the amount of $7,429.90, payable to Olinsky Law Group. The Commissioner is directed to release $7,429.90 to Olinsky Law Group from Plaintiff's withheld past-due benefits in accordance with agency policy. Counsel is directed to refund to Plaintiff the $6,420.51 in EAJA fees previously awarded, (*see* Stipulation & Order dated Mar. 3, 2021), within fourteen days of this Memorandum and Order.

Dated: September 6, 2025
       Brooklyn, New York

                                                  SO ORDERED:

                                          /s/MKB
                                      MARGO K. BRODIE
                                      United States District Judge